# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**MEMORANDUM OPINION AND ORDER**

Doe YZ,

    Plaintiff,

    v.                                             Civil No. 15-1151 ADM/SER

Shattuck-St. Mary's School,

    Defendant.

Doe XY,

    Plaintiff,

    v.                                             Civil No. 15-1154 ADM/SER

Shattuck-St. Mary's School,

    Defendant.

Doe AB,

    Plaintiff,

    v.                                             Civil No. 15-1155 ADM/SER

Shattuck-St. Mary's School,

    Defendant.

---

Jeffrey R. Anderson, Esq., and Trusha Patel Goffe, Esq., Jeff Anderson & Associates, P.A., Saint Paul, MN, on behalf of Plaintiffs.

Stephen O. Plunkett, Esq., Steven P. Aggergaard, Esq., and Jessica L. Klander, Esq., Bassford Remele, P.A., Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiffs Doe YZ, Doe XY, and Doe AB's (collectively, "Plaintiffs") Motion to Consolidate Cases for Trial [Docket No. 93].[1] Defendant Shattuck-St. Mary's School ("Shattuck") opposes the Motion. For the reasons set forth below, Plaintiffs' Motion is granted.

## II. BACKGROUND[2]

These cases arise from alleged sexual abuse at Shattuck approximately fifteen years ago. Shattuck is a private boarding and day school located in Faribault, Minnesota. The three Plaintiffs each allege sexual abuse by former Shattuck teacher Lynn Seibel ("Seibel") while they were students at the school. Each of them seeks to hold Shattuck liable for the abuse under theories of negligence, negligent supervision, and negligent retention.

On October 5, 2016, Shattuck's Motion for Summary Judgment [Docket No. 57] was denied. The cases are now ready for trial. Plaintiffs seek to consolidate the three cases for trial. If that request is denied, Plaintiffs alternatively request that the cases be tried in the order they were filed, with Doe YZ being tried first. Shattuck opposes consolidation. Shattuck also opposes trying Doe YZ's case first.

## III. DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure instructs that a court may order

---

[1] Docket citations are to the docket in Doe YZ v. Shattuck-St. Mary's School, No. 15-1151, unless otherwise specified.

[2] The complete factual background is recited in the October 5, 2016 Memorandum Opinion and Order [Docket No. 91]; Doe YZ v. Shattuck-St. Mary's Sch., No. 15-1151, 2016 WL 5858641 (D. Minn. Oct. 5, 2016) ("Summary Judgment Order").

consolidation of pending actions that "involve a common question of law or fact." "The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy." Powell v. Nat'l Football League, 764 F. Supp. 1351, 1359 (D. Minn. 1991). Consolidation is inappropriate "if it leads to inefficiency, inconvenience or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). However,

> consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical considerations, as in other contexts of the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together . . . .

9A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer & Adam N. Steinman, Fed. Practice & Procedure, § 2384 (3d ed. 2008). A motion to consolidate is entrusted to the sound discretion of the district court. Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).

There are many common questions of law and fact among the three cases. Most importantly, each case alleges that Shattuck is liable for the sexual abuse by Seibel under the same legal theories. Since the abuser, the Defendant, and the causes of action are common in each case, there is no risk of the jury being confused about which Defendant is liable to which Plaintiff under which legal theory. Moreover, each Plaintiff was abused by Seibel during the same general time period, and each Plaintiff's testimony about their encounters with Seibel will be both personal and unique, diminishing any concern that the jury will blend the three Plaintiffs into one.

All of the three Plaintiffs are represented by the same counsel and Shattuck's defense team are all lawyers in the same law firm. If the Plaintiffs' cases were tried separately, the same

3

counsel would be present at all three trials.

Consolidation is convenient and economic for the witnesses. If the cases are tried independently, most lay witnesses will offer testimony in all three cases. With minor exceptions, their testimony will be substantially similar in each case. The same is largely true for the expert witnesses anticipated to testify. Consolidating the three cases into one saves many witnesses from having to testify to substantially the same facts at different times. Consolidation also promotes judicial economy. If tried separately, counsel estimates that the three cases would require over six weeks of trial. If the cases are tried together, given the significant overlap of the evidence and the witnesses, the amount of trial time would be significantly reduced. Judicial economy strongly favors consolidation in these cases. Plaintiffs have satisfied their burden of showing consolidation promotes judicial convenience and economy.

Shattuck argues it would be prejudiced by consolidation because it has unique defenses in Doe XY's case which requires it to be tried separately from the cases of Doe AB and Doe YZ. Regarding Doe XY's case, while the jury will be asked to determine if Seibel's conduct meets the definition of sexual abuse under Minnesota law, concerns about jury confusion are exaggerated.[3] The jury will be instructed during the trial that this possible defense is only available in Doe XY's case. Furthermore, the defense can be separated and made distinct on the special verdict form, eliminating the risk that the jury will consider improper evidence when

---

[3] As fully explained in the June 1, 2016 Memorandum Opinion and Order [Case No. 15-1154 Docket No. 73], Doe XY's case is time barred if his act of self-touch does not constitute sexual abuse. Doe v. Shattuck-St. Mary's Sch., No. 15-1154, 2016 WL 3093389, at *3–5 (D. Minn. June 1, 2016).

determining if Seibel sexually abused Doe XY.[4]  For similar reasons, Shattuck's argument that consolidation is improper because the jury will have to determine whether Doe XY suffered a sufficient physical injury is unpersuasive.  The jury instructions and special verdict form will delineate that the physical injury inquiry is limited to Doe XY's case.

Finally, Shattuck's fear of unfair prejudice does not warrant trying the cases independently.  The evidence can be sufficiently compartmentalized to avoid jury confusion, and jury instructions will deter against any evidence being used improperly.  Such measures are commonly applied in criminal trials, where, under Rule 8(b) of the Federal Rules of Criminal Procedure, multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions."  A co-defendant may avoid being tried together with their co-defendants upon a showing that "the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." United States v. Mueller, 661 F.3d 338, 347 (8th Cir. 2011) (quotation omitted).  In this context, the Eighth Circuit has noted that "proper limiting instructions can alleviate or minimize any potential harm that codefendants contract from evidence that reflects poorly on them." United States v. Young, 753 F.3d 757, 779 (8th Cir. 2014).  In United States v. Ali, 799 F.3d 1008, 1024 (8th Cir. 2015), spillover concerns of one defendant in a two-defendant trial were mitigated by the district court's limiting instructions, informing the jury that "you may consider [this evidence] to help you decide [a single defendant's] intent" and "you may consider the evidence of prior acts only on the issue of intent [for a single defendant]."

---

[4] Likewise, Shattuck's claim that the jury will be confused because it will be asked to answer these factual questions under a different burden of proof does not compel an independent trial.

Similar limiting instructions will be given here.  For example, on the issue of foreseeability and a former student's May 2001 report, the jury will be instructed that this evidence may only be considered in Doe YZ's case.  The jury will also be given an instruction that testimony concerning events that occurred after Doe AB was abused cannot be used to determine whether Doe AB's abuse was reasonably foreseeable to Shattuck.

In sum, consolidation is appropriate.  The common questions of law and fact that exist between the three Plaintiffs warrant consolidating the cases for trial.  The judicial resources preserved and the convenience of the witnesses strongly favor consolidation.  The Court will be vigilant to prohibit any evidentiary spillover and jury confusion, and will instruct the jury at appropriate times to prevent Shattuck from being unfairly prejudiced.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Doe YZ's Motion to Consolidate Cases for Trial [Case No. 15-1151 Docket No. 93] is **GRANTED**;

2. Plaintiff Doe XY's Motion to Consolidate Cases for Trial [Case No. 15-1154 Docket No. 99] is **GRANTED**; and

3. Plaintiff Doe AB's Motion to Consolidate Cases for Trial [Case No. 15-1155 Docket No. 88] is **GRANTED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 4, 2016.