# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Doe YZ,

    Plaintiff,

    v.

Shattuck-St. Mary's School,

    Defendant.

Doe XY,

    Plaintiff,

    v.

Shattuck-St. Mary's School,

    Defendant.

Doe AB,

    Plaintiff,

    v.

Shattuck-St. Mary's School,

    Defendant.

**ORDER**

Civil No. 15-1151 ADM/SER

Civil No. 15-1154 ADM/SER

Civil No. 15-1155 ADM/SER

---

Jeffrey R. Anderson, Esq., Jeff Anderson & Associates, P.A., Saint Paul, MN, on behalf of Plaintiffs.

Steven P. Aggergaard, Esq., Bassford Remele, P.A., Minneapolis, MN, on behalf of Defendant.

---

On November 23, 2016, Defendant Shattuck-St. Mary's School ("Shattuck") filed a letter [Docket No. 109][1] requesting leave to file a motion to reconsider this Court's November 4, 2016 Order [Docket No. 102] granting Plaintiffs' Motion to Consolidate Cases for Trial [Docket No. 93]. Shattuck also requests the Court issue an order certifying the consolidation issue for interlocutory appeal pursual to 28 U.S.C. § 1292(b). The Court denies both requests.

Regarding reconsideration, the Local Rules for the District of Minnesota state that a motion to reconsider can only be filed after obtaining the Court's permission and only "upon a showing of compelling circumstances." L.R. 7.1(j). When evaluating such requests, the Court maintains broad discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." Id. at 414 (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)).

Shattuck contends that the Court's citations to criminal cases demonstrates the lack of Eighth Circuit authority on consolidation, and that it should be permitted an opportunity to distinguish the cited authority. Distinguishing the criminal cases is unnecessary because they were not cited for their factual similarity to the case at bar, but rather to support the conclusion that consolidation is appropriate. Defense of individuals where their liberty is at stake raises a higher threshold for consolidation than a corporation faces as a single defendant requesting several trials. Thus, the Court supported its decision to consolidate the cases for a single trial by

---

[1] Docket citations are to the docket in Doe YZ v. Shattuck-St. Mary's School, No. 15-1151.

comparison to multi-defendant criminal cases.  Here, any risk of prejudice in these civil cases does not offset the convenience and economy benefits consolidation presents.

Shattuck's request for an interlocutory appeal is also denied.  The Court has wide discretion in ordering these civil cases to be consolidated for trial.  See U.S. E.P.A. v. City of Green Forest, Ark., 921 F.2d 1394, 1402 (8th Cir. 1990) (noting that denial of motion to consolidate "should not be disturbed unless it is determined that the court clearly abused its discretion").  "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.  Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination.  White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (citing Control Data Corp. v. Int'l Bus. Machs. Corp., 421 F.2d 323, 325 (8th Cir. 1970)).  It is within the trial court's discretion to grant or deny a motion for interlocutory appeal.  Id.

The question of consolidation does not warrant further protraction of this lawsuit, where the events at issue occurred over a decade ago.  This is not one of those "extraordinary cases" where an interlocutory appeal is warranted.  See U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam) (citing legislative history of § 1292(b) as indicative of Congress' intention that certifying an order for interlocutory appeal only be used in "extraordinary cases").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Shattuck-St. Mary's School's Letter Request for Permission to File Motion to Reconsider [Case No. 15-1151 Docket No. 109; Case No. 15-1154 Docket No. 112; Case No. 15-1155 Docket No. 101] is **DENIED**.

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 2, 2016.